

DA 10-0588

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 135N

ERNEST WILCOCK,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 09-1576A
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Ernest Wilcock, (self-represented litigant); Shelby, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Jonathan Krauss,
Assistant Attorney General, Helena, Montana

          Ed Corrigan, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  April 27, 2011

Decided:  June 8, 2011

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Ernest Wilcock appeals from the District Court's order denying his petition for postconviction relief.  We affirm.

¶3      Wilcock is serving an 80-year sentence for sexual intercourse without consent committed against his minor daughter, following a guilty plea entered in 1998.  Wilcock never appealed the conviction but in 2001 and 2004 filed unsuccessful petitions for habeas corpus in Montana and Federal District Courts.  In December, 2009, he filed the instant petition for postconviction relief.  Wilcock alleges that in November, 2009 he learned, for the first time, that the date of his offense was "approximately June 1997"; that this date was "dramatically far removed" from the date he had been "led to believe" to be the date of his offense; and that he had an alibi that would establish his actual innocence.

¶4      The District Court denied Wilcock's petition, finding that he had not met his burdens to identify all the facts supporting the petition and to support them with actual evidence. Section 46-21-104(1)(c), MCA;  *State v. Wright*, 2001 MT 282, ¶ 31, 307 Mont. 349, 42 P.3d 753.  Conclusory allegations in a petitioner's own affidavit are insufficient to support

allegations of fact in a petition. *Williams v. State*, 2002 MT 189, ¶ 19, 311 Mont. 108, 53 P.3d 864.

¶5 The information charging Wilcock expressly alleged that he committed the offense in "approximately June 1997." The District Court found that Wilcock's allegation that he did not know the date of the alleged offense was inconsistent with the record of the case against him. The presentence investigation report, for example, quoted the language of the information that the offense occurred in "approximately June 1997" and Wilcock admits in his brief on appeal that he obtained the report prior to sentencing. In addition, Wilcock provides no facts as to the date that he was "led to believe was the date of the alleged offense."

¶6 Wilcock failed to establish the facts necessary to support his petition for postconviction relief, and the District Court's order denying the petition is affirmed.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

/S/ MIKE MCGRATH

We concur:

_____
/S/ BETH BAKER
/S/ JIM RICE
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS